IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICHARD EARL BAKER**  **PLAINTIFF**

VS.  **CIVIL ACTION NO. 3:18-CV-401-LRA**

**JACOB SHERIFF, Sheriff Supervisor
of County Jail; CEASAR FELTON,
Warden, Interim; CHAZ WHITE,
C.O.; CASSANDRA DAVIS, County
Administrator; YOURLUNDA STIFF,
C.O. and ETTA CEASAR, C.O.**  **DEFENDANTS**

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing that was conducted before the undersigned United States Magistrate Judge on December 10, 2019. Richard Earl Baker appeared *pro se*, and attorney Jason Dare attended the hearing representing the Defendants. The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. It functioned as a scheduling/case management conference, a discovery conference, and a *Spears* hearing. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. At the time he filed his Complaint, Baker was a pretrial detainee at the Yazoo County Regional Correctional

Facility (YCRCF). At the omnibus hearing, the parties executed a Consent to referral to a Magistrate Judge, and, on January 13, 2020, District Judge Henry Wingate referred this case to the undersigned for all further proceedings, including entry of a final judgment.

Baker's complete allegations are set forth in his Complaint and his supplemental pleadings and were augmented by his testimony at the hearing. His claims are based on his medical care at YCRCF. Specifically, he asserts that unauthorized personnel are permitted to administer medication. On one occasion, he fell into a deep sleep for a long time, which he believes is the result of being given the wrong medication. Baker admitted that the medication comes to the facility in a pack, but he claims that the pills are taken out of the pack and placed in a cup. Baker submitted a grievance through the Administrative Remedies Program at YCRCF, and he says he went as far with it as he could.

The documents attached to Baker's Complaint show that he submitted three grievances through the ARP Program. The first grievance was dated May 14, 2018. He claimed that he was given medication without the proper authority, against institutional policies, but he did not allege any resulting damages. The first step response was "I will talk to warden about this incident." The second step response was "This matter will be noted and proper actions will be administered." The second grievance was dated May 21, 2018. In it, Baker claimed that he had been given medications several times by persons who were not qualified, against the institutional policies. He asked for

resolution of the issue, "as I'm being subjected to possible harm, due to officers freely administering my psych. Medications to me, without being qualified to do so." The first step response was, "I will talk to the warden about your meds. Your meds are pre-pack, with your name on it." The third grievance was dated June 4, 2018, again claiming that his medications were administered by someone who did not have authority to do so. The first step response was, "I will talk to warden about it, but your meds are pre-pack." The second step response was, "This will be looked into and the proper actions will be taken." There is no indication that Baker appealed any of these grievances to the next level.

The Defendants have moved for summary judgment, on grounds that Baker did not exhaust the available legal remedies because he failed to appeal the second step responses. Baker argues that he was not required to submit a grievance under step 2 or 3, because he was satisfied with the response to step 1. In support, he attached a memo from the Yazoo County Jail, which states, in part: "If the inmate is not satisfied with the information gathered at Step One, he should pursue his grievance to the Facility Administrator via Step Two."

With regard to the individual Defendants, Baker's claims are as follows: the Sheriff is the supervisor over the county jail; Ceasar Felton was the acting warden, and he told Baker his issue would be handled. Defendants Chaz White and Cassandra Davis knew of the problem, and they didn't correct it. Defendants Yourlunda Stiff and Etta Ceasar were guards who handed out the medications.

3

## 2. DISCOVERY ISSUES and PENDING MOTIONS

The Defendants shall provide Baker with a copy of his institutional record and his medical records. Baker told the Court that he had copies of the ARP documents related to this grievance, and he should submit these to the Court. Baker and the Defendants should submit their Witness Lists and Exhibit Lists to the Court.

If a trial is conducted in this case, defense counsel shall provide the Court with a certified copy of Baker's MDOC file for use as a general exhibit for all parties at trial.

The discovery matters set forth herein should fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1). Other than the discovery mentioned herein, the parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

## 3. TRIAL WITNESSES

Baker has not requested any inmate witnesses. If a trial is conducted, Baker may secure the voluntary appearance of any free world witnesses at a trial conducted in this cause. Or, upon the prepayment of witness fees, plus mileage costs, along with the complete address of where the witness may be found, Baker may request the Court to cause a subpoena to be issued for a free world witness. Any request for subpoenas should be made at least 30 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

## 4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference may stand in lieu of a pretrial conference.

IT IS, THEREFORE, ORDERED:

1. The discovery ordered above shall be submitted on or before **February 21, 2020**.

2. Any motions requesting additional discovery should be filed on or before **February 21, 2020,** and should specify precisely what information is being requested.

3. All dispositive motions should be filed on or before **March 16, 2020**.

SO ORDERED, this the 5th day of February, 2020.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE